**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN MARTIN WINEMAN,<br><br>        Defendant. | 2:08–cr–00280–JCM–VCF |
| JOHN MARTIN WINEMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 2:13–cv–1519–JCM–VCF<br><br>**<u>REPORT & RECOMMENDATION</u>** |

Before the court are, *inter alia*, John Martin Wineman's motion to vacate, set aside, or correct sentence (#99[1]) under 28 U.S.C. § 2255 and motion for the appointment of counsel (#101). The Government filed an opposition (#112). Wineman did not reply. For the reasons stated below, Wineman's motions are denied.

**BACKGROUND**

This matter involves Wineman's motion to vacate his sentence under 28 U.S.C. § 2255, which is predicated on the Supreme Court's decision, *United States v. Jones*, 132 S.Ct. 945 (2012). For purposes of Wineman's motion, the relevant facts include: (1) the Government's warrantless search of Wineman's

---

[1] Parenthetical citations refer to the court's docket.

1

truck; (2) a brief procedural history of Wineman's criminal prosecution; and (3) and an overview of the Court's decision in *United States v. Jones*, 132 S.Ct. 945 (2012). Each is discussed below.

### I.     The Government's Warrantless Search of Wineman's Truck

During the summer of 2008, the United States Postal Services discovered that someone was breaking into post office boxes throughout the Las Vegas valley. (Caggiano Decl. (#28) Exhibit A at ¶ 3). As a result, the United States Postal Inspection Service ("USPIS") launched an investigation. (*Id.* at ¶¶ 1, 3).

Over the course of the investigation, USPIS learned that mail had been stolen from approximately 240 post office boxes and that a confidential informant named John Martin Wineman as the culprit. (*Id.* at ¶¶ 3, 4). After learning of Wineman's identity, Postal Inspector Caggiano conducted a background search, which revealed Wineman's criminal history. (*Id.* at ¶ 4). Caggiano, then, went to Wineman's apartment complex at 2035 East Flamingo Road, located a teal-green Dodge Dakota truck registered in Wineman's name, and attached a global positioning system ("GPS") to the under carriage of Wineman's truck. (*Id.* at ¶ 6).

Caggiano did not have a warrant. (*See generally id.*); (*see also* Withdrawn Mot. to Suppress (#54) at 4:15–21) (arguing that Caggiano's warrantless placement of the tracking device violated Wineman's Fourth Amendment rights).

Using the tracking device, Caggiano followed Wineman for the next two days. (Caggiano Decl. (#28) Exhibit A at ¶¶ 8–11). He saw Wineman steal mail, hide it under the hood of his truck, and take it back to his apartment. (*Id.*) On October 12, 2008, Caggiano, Agent Brubaker, and Agent Ficucell followed Winman again. (*Id.* at ¶ 9). As Wineman attempted to drive off with more stolen mail, Caggiano, Brubaker, and Ficucell drew their guns, approached Wineman, and placed him under arrest. (*Id.* at ¶ 9).

## II. **Wineman's Criminal Prosecution**

On October 28, 2008, Wineman was indicted on charges of possessing stolen mail. (*See* Indict. (#7) at 1–2). On June 15, 2009, Wineman's attorney filed a motion to suppress, which argued that the Government's warrantless placement of the tracking device on Wineman's truck constituted an unlawful search in violation of the Fourth Amendment. (*See* Withdrawn Mot. to Suppress (#54) at 4:15–21). However, on August 6, 2009, Wineman's attorney withdrew the motion because U.S. District Judge, James C. Mahan ordered suppression of the same evidence discovered during the search on alternative grounds. (*See* Mot. to Withdraw (#78) at 1:25). This rendered Wineman's motion to suppress moot. (*Id*. at 1:24).

On January 6, 2010, Wineman pled guilty and Judge Mahan sentenced Wineman to time served and three years of supervised release. (Judgment (#95) at 1). Wineman never appealed.

## III. **GPS Tracking Devices &** *United States v. Jones*

Two years later, the Supreme Court decided *United States v. Jones*, 132 S.Ct. 945 (2012). In *Jones*, the Government obtained a warrant to place a GPS tracking device on the bottom of Antonie Jone's Jeep. *Jones*, 132 S.Ct. at 945. The warrant's terms were limited. *Id*. It only authorized the Government to install a GPS tracking device within ten days and in the District of Columbia. *Id*. On the eleventh day, the Government installed the device on the undercarriage of Jone's Jeep while it was parked in Maryland. *Id*.

Writing for the Court, Justice Scalia held that the placement of the device constituted an unlawful search in violation of the Fourth Amendment. *Id*. Justice Scalia emphasized that the Fourth Amendment prohibits the Government from trespassing onto individual's private property without a warrant. *Id*. at 949 ("It is important to be clear about what occurred in this case: The Government physically occupied private property for the purpose of obtaining information We have no doubt that

3

such a physical intrusion would have been considered a 'search' within the meaning of the Fourth Amendment when it was adopted.").

One year after the Court decided *Jones*, and three-and-a-half years after Wineman was sentenced, Wineman initiated the instant civil action under 28 U.S.C. § 2255. (*See* Mot. to Vacate #99). The gravamen of Wineman's challenge is that he was denied effective assistance of counsel when his attorney advised him to plead guilty and wait and see if the law governing the placement of GPS tracking devices changes.

## LEGAL STANDARD

Federal convicts "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Section 2255 motions must be filed within, *inter alia*, one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). This period may only be tolled where the movant demonstrates "diligence" and "extraordinary circumstances" for failing to file a timely motion. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (stating that the "threshold necessary to trigger equitable tolling is very high"). The District Court must give a defendant an opportunity to respond before dismissing his section 2255 motion as untimely. *Day v. McDonough*, 547 U.S. 198 (2006).

Where, as here, "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. *See* 28 U.S.C. § 2255(b).

**DISCUSSION**

Wineman's motion is denied for four reasons. First, "it is well settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). When a criminal defendant pleads guilty and then seeks to collaterally attack the judgment, "he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was not "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 264, 267 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

Here, Wineman entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(1), not Rule 11(a)(2), which governs conditional pleas. (*See* Guilty Plea (#81) at 2:7). On January 6, 2010, the court accepted Wineman's plea. (Judgement (#95) at 1). Consequently, Wineman may only attack his sentence on the grounds that the plea was not knowing and voluntary. Wineman failed to marshal such an attack. (*See generally* Mot. to Vacate #99).

Second, Wineman's collateral attack is untimely. A federal habeas corpus petitioner must bring his motion under section 2255 within one year of the latest of: (1) final judgment of conviction; (2) the removal of any impediment to bringing the petition caused by unconstitutional government action; (3) the date on which the Supreme Court first recognizes the right asserted, if the Supreme Court has made the right retroactively applicable to collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Here, Judge Mahan entered judgment on January 28, 2010. (*See* Judgment (#95) at 1). Wineman did not appeal. Therefore, his conviction became final on February 11, 2010. *See* FED. R. APP. P.

4(b)(1)(A) (stating that a notice of appeal must be filed within 14 days of the entry of judgment); *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition of certiorari finally denied."). Wineman's August 19, 2013 motion to vacate is, therefore, untimely.

Third, Wineman's motion fails on its merits. If Wineman's case were decided today, there is no doubt that the court would find that Postal Inspector Caggiano's warrantless placement of the tracking device on Wineman's constituted an unlawful search under the Fourth Amendment. *See Jones*, 132 S.Ct. at 949. However, at this stage the question is different. The question is not whether Caggiano's search violated Wineman's constitutional right but whether the rule announced by *Jones* applies retroactively to Wineman's case. The court finds that it does not.

Under the Supreme Court's decision in *Teague v. Lane*, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. 288, 310 (1989). There are two exceptions: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;" and (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Teague*, 489 U.S. at 311.

Neither exception applies here. The first exception does not apply because *Jones* does not place certain kinds of private conduct outside of the scope of the Government's police power. Rather, the import of *Jones* is that it requires the Government to obtain a warrant before placing a GPS tracking device on private property. *See Jones*, 132 S.Ct. at 949. Similarly, the second exception does not apply because the rule in *Jones* does not address a "bedrock procedural element" that is central to the court's determination of innocence of guilt. Accordingly, every court to consider the question raised by

6

Wineman has held that *Jones* does not apply retroactively. *See* Jason D. Medinger, *Post-*Jones*: How District Courts are Answering the Myriad Questions Raised by the Supreme court's Decision in* United States v. Jones, 42 U. BALT. L. REV. 395, 432 (2013) ("Applying these criteria [i.e., the *Teague* test], all ten court decisions to consider retroactivity have held that Jones is not retroactive on collateral review.").[2]

Fourth, because *Jones* was not decided until after Wineman plead guilty, Wineman cannot state a claim for ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing counsel's performance, the question is whether counsel's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom. *Stokley v. Ryan*, 659 F.3d 802, 811–12 (9th Cir. 2011) (citing *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011)). "A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997). Counsel has no duty to raise non-meritorious arguments. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989); *see also Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

---

[2] *See also United States v. Jesus-Nunez*, No. 1:10–cr–017-01, 2013 WL 312387, at *7 (M.D. Pa. Jan. 25, 2013); *Connolly v. Roden*, No. 09–11987–RWZ, 2013 WL 139702, at *2 n. 3 (D. Mass. Jan. 11, 2013); *Reyes-Sotero v. United States*, No. DKN 12–1036, DKC 08–0593, 2012 WL 6681963, at *3 (D. Md. Dec. 21, 2012); *Vazquez v. United States*, No. 2:09–cv–673–FTM–29SPC, 2:08–cr–FTM-29SPC, 2012 WL 5188027, at *7-8 (M.D. Fla. Oct. 19, 2012) ("The *Jones* decision did not recognize a new right, and *Jones* has not been made retroactively applicable to cases on collateral review."); *Pickett v. United States*, No. 12–2239 (RBK), 2012 WL 5199142 at *2-3 (D.N.J. Oct. 18, 2012); *United States v. Reyes*, No. 12CV555–MMA, 09–cr–2487–MMA, 2012 WL 4339070, at *6-7 (S.D. Cal. Sept. 19, 2012) ("*Jones* does not apply retroactively."); *Bad v. Heaney*, No. 12–1589–DWF–JJK, 2012 WL 3984550 (D. Minn. Sept. 11, 2012); *Garcia v. Bradt*, No. 09–cv–7491–VB, 2012 WL 3027780, at *5 (S.D.N.Y. July 23, 2012); *United States v. Heath*, No. 12–cr–4-H-DWM, 2012 WL 1574123, at *1 (D. Mont. May 3, 2012) ("Unfortunately for Heath, the *Jones* decision is not retroactive."); *United States v. Walker*, No. 9–cr–1533–WQH, 12–cv–0410–WQH, 2012 WL 666794, at *2 (S.D. Cal. Feb. 29, 2012).

At the time of Wineman's prosecution, binding Ninth Circuit precedent held that placing an electronic tracking device on the undercarriage of a car was neither a search nor a seizure under the Fourth Amendment. *See United States v. McIver*, 186 F.3d 119, 1126–27 (9th Cir. 1999). Nevertheless, Wineman's attorney filed a motion to suppress, arguing that the Government's warrantless placement of the GPS device on Wineman's truck constituted an unlawful search in violation of the Fourth Amendment. (*See* Withdrawn Mot. to Suppress (#54) at 4:15–21). In light of the Supreme Court's subsequent decision in *Jones*, the court finds that Assistant Federal Public Defender William Carrico's argument was a prescient and good faith argument for modifying existing law under Federal Rule of Civil Procedure 11(b)(2). *See* FED. R. CRIM. P. 57(b) (stating that "it is proper for a court to look to the civil rules for guidance in the absence of a criminal rule directly on point.").

In fact, Mr. Carrico recognized that the GPS tracking device used in Wineman's case is fundamentally distinguishable from the Court's previous decision in *United States v. Knotts*, 460 U.S. 276 (1983). (Withdrawn Mot. to Suppress (#54) at 4–5) (distinguishing *Wineman* from *Knotts*). In *Jones*, Justice Scalia made a comparable argument. *See Jones*, 132 S.Ct. at 952 (distinguishing *Knotts*). Because Mr. Carrico anticipated Justice Scalia's holding in *Jones*, the court finds that Wineman cannot state a claim for ineffective assistance of counsel.

Having determined that Wineman's motion to vacate fails as a matter of law, the court briefly turns to Wineman's motions for appointment of counsel (#101, #102). An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir.1980).

Here, the court has reviewed Wineman's documents and pleadings and finds that appointment of counsel is not warranted. The issues raised by Wineman's underlying motion are not complex and Wineman has made no showing as to why denial of counsel would amount to a denial of due process. Therefore, the court finds that Wineman is not entitled to counsel and his motion should be denied. It follows from this that Wineman's remaining motions should also be denied as moot.

In closing, the court wishes to dispel any misconception regarding the judicial process that Wineman might have. Although the court's decision involves technical legal concepts, which Wineman admittedly does not understand (*see* Mot. to Amend #102), the bottom line is that the court and the Federal Public Defenders Office have done everything possible to protect Wineman's rights. Even if this court now granted Wineman's motion to vacate—(which, for the reasons stated above, it cannot)—the evidence that the court would consider suppressing has already been suppressed. As stated in Wineman's motion to withdraw, "[i]n an Order dated July 7, 2009, the District Court ordered suppression of the same evidence . . . as is sought to be suppressed in the Defendant's currently pending Motion" (*See* Mot. to Withdraw (#78) at 1:24–26). As a result, it appears that nothing more can be done.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that John Martin Wineman's motion to vacate, set aside, or correct sentence (#99) be DENIED.

IT IS FURTHER RECOMMENDED that John Martin Wineman's motion for appointment of counsel (#101) and motion to amend (#102) be DENIED.

IT IS FURTHER RECOMMENDED that John Martin Wineman's motion for leave to proceed *in forma pauperis* (#100), motion for transcripts at the Government's expense (#104), motion for default (#106), and motion to withdraw (#109) be DENIED AS MOOT.

IT IS SO RECOMMENDED.

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE