**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN MARTIN WINEMAN<br><br>                    Defendant. | 2:08-cr-00280-JCM (VCF) |

**ORDER**

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 113). Petitioner John Martin Wineman filed objections, (docs. # 114 & 118), to which the government responded, (doc. # 117).

**I.      Report and Recommendation**

Petitioner argues that his sentence should be vacated pursuant to 28 U.S.C. section 2255 because the Supreme Court's decision in *United States v. Jones* requires the retroactive suppression of evidence that was material to his underlying conviction. (Doc. # 99).

In his report, Magistrate Judge Ferenbach recommended that petitioner's motion to vacate be denied on four separate grounds, including *inter alia*, that (1) petitioner waived the right to appeal nonjurisdictional antecedent rulings when he entered an unconditional guilty plea, and (2) the motion was untimely. (Doc. # 113). Petitioner objected, arguing that he was persuaded to enter his guilty plea by his former attorney, William Carrico, who stated that he would initiate an appeal if there was

**James C. Mahan**
**U.S. District Judge**

1  a subsequent change to the controlling law. (Doc. # 124).

2      This court "may accept, reject, or modify, in whole or in part, the findings or
3  recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to
4  a magistrate judge's report and recommendation, then the court is required to "make a de novo
5  determination of those portions of the [report and recommendation] to which objection is made."
6  28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct
7  "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S.
8  140, 149 (1985).

9      The court finds that Magistrate Judge Ferenbach did not err in finding this motion to be
10 untimely, as it was filed more than two-and-a-half years after the deadline for petitioner to challenge
11 his sentence pursuant to 28 U.S.C. section 2255.

12     However, even if the instant motion had been timely, petitioner's arguments lack merit. The
13 Ninth Circuit has specifically held that the *Jones* decision does not require the retroactive
14 suppression of evidence collected through a GPS device when an officer reasonably relied on then-
15 valid. binding precedent in conducting the search. *United States v. Pineda-Moreno*, 688 F.3d 1087,
16 1091 (9th Cir. 2012) *cert. denied,* 133 S. Ct. 994 (2013). Therefore, Magistrate Judge Ferenbach's
17 findings were not in error.

18     Thus, after reviewing Magistrate Judge Ferenbach's report, petitioner's objections, and the
19 underlying briefs de novo, the court will adopt the report and recommendation in full.

20 **II.**    **Certificate of Appealability**

21     The court declines to issue a certificate of appealability. The controlling statute in
22 determining whether to issue a certificate of appealability is 28 U.S.C. section 2253, which provides
23 as follows:

24     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
    district judge, the final order shall be subject to review, on appeal, by the court
25     of appeals for the circuit in which the proceeding is held.

26     (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or
27     trial a person charged with a criminal offense against the United States, or to test
    the validity of such person's detention pending removal proceedings.
28

**James C. Mahan**
**U.S. District Judge**

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a [s]tate court; or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach, (doc. # 113), are ADOPTED in their entirety.

IT IS FURTHER ORDERED that petitioner's motion to vacate pursuant to 28 U.S.C. section 2255, (doc. # 99), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motions for appointment of counsel, (doc. # 101), and to amend, (doc. # 102), are DENIED.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that petitioner's motions for leave to proceed *in forma pauperis*, (doc. # 100), for transcripts at the government's expense, (doc. # 104), for default, (doc. # 106), to withdraw, (doc. # 109), and to stay, (doc. #115) are DENIED AS MOOT.

DATED July 21, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -